# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| FRANK IMHAUSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:18-cv-241-HSM-CHS |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Frank Imhausen ("Plaintiff"). Upon initial screening of Plaintiff's complaint, the Court dismissed the State of Tennessee as a defendant under the Eleventh Amendment and further determined that Plaintiff's conclusory allegations were inadequate to state a plausible Eighth Amendment claim [Doc. 5 at 4–5]. Nevertheless, the Court granted Plaintiff an opportunity to cure these deficiencies and ordered him to file, within fourteen days of entry of the Court's order, an amended complaint setting forth precisely how his constitutional rights were violated and the specific individual(s) who deprived him of those rights under color of state law [*Id*. at 5–6]. Plaintiff was forewarned that the failure to timely comply with the order would result in the dismissal of his original complaint for failure to state a claim and/or dismissal of this action for failure to prosecute and failure to comply with Court orders [*Id*. at 6].

The order was entered on January 14, 2019, and the record reflects that a copy was mailed to Plaintiff at his listed address at the Northeast Correctional Complex [Doc. 5]. On February 6, 2019, nine days beyond the deadline set in the Court's order, Plaintiff filed an "amended

complaint" consisting solely of a one-paragraph handwritten letter stating that he "would like to receive $500,000.00 for my pain in suffering" [Doc. 6].

In addition to being untimely, Plaintiff's amendment fails to cure the deficiencies identified in the Court's initial screening order. As in the original complaint, Plaintiff's amended complaint still fails to identify the staff member who assaulted him or any other person who may have been involved and fails to include either the date of the alleged incident or the specific place in the facility where the incident occurred. And he still has not named any properly suable defendant. In short, Plaintiff's "naked assertions" remain wholly devoid of "further factual enhancement" and are insufficient to satisfy the facial plausibility standard at the screening stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Because Plaintiff's amended complaint fails to cure the deficiencies in the original complaint as identified by the Court, this case will be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE